RECEIVED

APR - 7 2015

AT 8:30 3:10 PM
WILLIAM T. WALSH, CLERK

William J. Hempstead, Jr., Pro-Se
Motion For Justice, LLC
P.O. Box 540
Newark, NJ 07101-0540

UNITED STATES FEDERAL DISTRICT COURT

Philip Neri,
Anthony Thomas,
William J. Hempstead, Jr.,
Carlos A. Rivera, and et al

Plaintiffs,

vs.

State of New Jersey Governor Chris Christie;
New Jersey Attorney General,
John Jay Hoffman;
New Jersey State Parole Board,
Chairman James T. Plousis, and
Revocation Chief Officer Craig Schindewolf

Defendants

Case No.: 3:14-cv-06739-MAS-LHG

Webster et al v. New Jersey State Parole

**AMENDED COMPLAINT**

We the Plaintiffs wish to be referred to as PSL Citizens for Justice. As a class action civil rights group, we request since we are locked up in State Prison, non-custodial, and suffering cruel and usual punishment,

1. Immediate review by the judge assigned.
2. Upon filing and docketing our claim,
   a. Immediate release of the plaintiffs still incarcerated.
   b. Temporary parole injunction until the conclusion of the class action suit.

c. Assignment of competent attorney or law firm, experienced in class action suits involving constitution violations of Parole Supervision for Life.

Now the plaintiffs with good cause and merit, respectively requesting this Honorable court to file this class action civil claim.

**Objective:** To illustrate to this court the multiple unconstitutional issues that have cost the plaintiffs liberty, property, and without due process.

1. Fifth Amendment Double Jeopardy: The plaintiffs allege that New Jersey State Parole violates the rights of the undersigned, because every non-illegal violation is based on the plaintiff's original sentence, hence double jeopardy.

   The New Jersey constitution and the Fifth Amendment of the United Constitution mirror the same issue; no man can be lawfully punished twice for the same offence.

   Additionally, they preclude imposing on the plaintiff multiple punishments for the same offence. At trial, the plaintiffs will produce face sheets that shows that New Jersey State Parole based their non-illegal violations off the plaintiffs original charge.

2. Parole Supervision for Life is punitive and quite possibly illegal with alleged violations against the Fifth and Fourteenth Amendments Due Process clauses.

3. The plaintiffs allege:

   a. Parole Supervision for Life was developed by New Jersey State Parole and never was checked for constitutionality and legality.

   b. Non-illegal violation puts the plaintiff in prison with no bail, no way to defend themselves properly, and not even charged with a crime, could allegedly violate due process and possible issue with cruel and usual punishment.

c. Parole Supervision for Life violators do not go in front of a fair and impartial judge sworn to uphold the constitution to plead their cause of freedom. Instead they are heard by a New Jersey Parole Board Officer hired by New Jersey State Parole, as well as trained by New Jersey State Parole, usually a former New Jersey Parole Officer, which by nature can't be a "neutral detached fair hearing body". Hence multiple due process allegations. The plaintiffs assert that only a fair and impartial judge can sentence anyone to State Prison, (not a biased Parole Hearing Officer) and only when a person breaks a law or ordinances of the State of New Jersey or of the United States.

4. Parole allegedly violates plaintiffs' due process rights, by creating new conditions specific to parole supervision, not checked for constitutionality and due to the plaintiff's free status, does not include as punishment – State Prison – New Jersey State Parole could be held criminally negligent. The plaintiffs assert that they have paid their debt to society so in essence they are law abiding free men, and therefore held to a higher level of legal and constitutional protection.

The due process issues arise because New Jersey State Parole use old conditions designed for men who are on actual parole per say. Not for men for maxed out their original sentences and by law are not on actual parole per say, but supervised by New Jersey State Parole For Life, a big difference and definitely a due process issue.

5. Another due process allegation is that the special conditions the plaintiffs are being sent to State Prison for are not illegal in any way, shape, or form:

a. Social Networking is not illegal, at lot of times necessary to communicate with plaintiffs' employers, as most companies are using Social Networking to perform company operations.

b. Using a computer or Internet is not illegal, majority of the times necessary to make a resume, fill out a job application as most companies nowadays going paperless, apply for apartments, or apply for government benefits.
c. Having a cell phone in not illegal, also necessary for jobs, staying in contact with family, as well as necessary for New Jersey State Parole. With advances in technology, most phones come pre-equip with Internet and Social Networking capabilities that usually can't be disable.
d. Having legal adult content magazines is not illegal.
e. Leaving the state is not illegal.
f. Staying overnight at an adult friend's house is not illegal.

How legal is sending a man to State Prison for having a Link In Account which is consider a Social Network by New Jersey State Parole, which is a business communication network? The plaintiffs want equal protection under the law. The plaintiffs will present at trial a New Jersey Administrative Law NJ:10-A law that states: the only way a Parole Supervision For Life person can be sent back to State Prison is:

1. If they catch a new street charge;
2. Or they commit a new sexual offense

Of which the plaintiffs have not committed.

6. The plaintiffs also attest that the New Jersey State parole Board fails to assist those sentenced to Parole Supervision For Life by denying the opportunity to apply for the Certificate of Good Conduct by automatic disqualifications due by the original charge of their sentence. The certificate of Good Conduct is a document issued by the Board to assist the rehabilitation of convicted offenders by removing impediments and restrictions upon their ability to obtain proposed employment. Issuance of a Certificate of Good Conduct pursuant to N.J.S.A. 2A:168A-1 et seq., precludes a licensing authority, as defined in N.J.S.A. 2A:168A-2, from disqualifying or discriminating against the applicant because of any conviction for a crime unless N.J.S.A. 2C:51-2 is applicable. Applications for certificates are made directly to the Board. A confidential investigation of the applicant's case will be

conducted prior to the Board reviewing and rendering a determination on the application. The person is automatically disqualified regardless of the circumstances involving his/her original charge that subject the individual to Parole Supervision For Life regardless of any and all positive things they have accomplished since their release from incarceration.

7. The plaintiffs never gave up any of their First Amendment rights. The plaintiffs acknowledge the right to safe, secure community, but when New Jersey State Parole purposely or otherwise drafts special conditions so vague and ambiguous that men of normal intelligence would differ on whether a site is a social network site is a violation or not is a direct issue with the protection afforded by the Fifth and Fourteenth Amendments due process clause. A person should have a right to know if what they are doing is a violation before they do it. With not giving a plaintiff the minimum due process protection of a hearing before imposing First Amendment blocks, as in "No Internet", could be a big due process issue that needs to be discussed. When you factor in the issue of the plaintiffs being normal citizens, they should be afforded a greater sense of due process protection not afforded "Paroled Convicts".
8. The Eight Amendment protection against cruel and usual punishment : The plaintiffs merely want to mention the following:
   A. Being sent to State Prison for not breaking any new laws.
   B. Being kept in State prison with no bail, while still in a sense being "Free Citizens of the United States".
   C. While we are considered **non-custodial** Parole Supervision for Life, we are locked up in a State Prison.

9. Sixth Amendment right to a speedy trial and Fifth and Fourteenth Amendment due process issue: There are several N.J.S.A. guidelines that require new Jersey State Parole to complete the revocation process within 60 days. The plaintiffs will show at trial, New Jersey State Parole utter disrespect for their rights to a speedy trial. Many plaintiffs have waited well over five months for their hearings and several men never even had a hearing.

10. The stipulation that the plaintiffs being supervised by parole, cuts in the budget to New Jersey State Parole; parole only paying forty five days towards shelter expenses for the plaintiffs when released from custody. The Plaintiffs allege that being incarcerated due to non-legal violations; they lose their housing, property, and many times identification. Forty five days is not enough time for the plaintiffs to secure identification and financial means to provide for their own housing is said timeframe. New Jersey State Parole is relocking up the plaintiffs at Bo Robinson Halfway House in Trenton, NJ, just merely on the fact of not having an address, no other violations, which definitely violates the plaintiffs Eight Amendment protection against cruel and usual punishment.

11. Fourth Amendment violation against illegal search and seizure: The plaintiffs allege because they are free citizens and not on parole, New Jersey State Parole Officers by law should be required to get a signed warrant before search a plaintiff's place of residence or vehicle. For there are constitutionally backed reasons and many more the plaintiff seek relief in the form of:

1. Parole Supervision for Life removed from the lives of the Plaintiffs.
2. Demand for punitive damages in the amount of $50 million dollars.

3. Federal injunction hailing Parole Supervision for Life and an investigation into the New Jersey State Parole Board's many unethical practices.

Dated this 7th day of April, 2015

William J. Hempstead, Jr., Pro-Se

See Attached for additional list of plaintiffs.
Please also add the following plaintiff to the original complaint as amended:

| | | |
|---|---|---|
| 1. | William J. Hempstead, Jr. | SBI# 269966C / PN# 558063 |
| 2. | Carlos A. Rivera | SBI# 649238C / PN# 513772 |
| 3. | Chris Paterson | SBI# 616151B |
| 4. | Mark Medina, Sr. | SBI# 742968C |
| 5. | Charles O. Mills | SBI# 155761C |
| 6. | Brandon Davis | SBI# 611408B |
| 7. | Marvin M. Watson | SBI# 754486B |
| 8. | Michael W. Watson | SBI# 530876C |
| 9. | Michael Parziale | SBI# 13708C |
| 10. | Jermaine Thomas | SBI# 370745C |
| 11. | Paul A. Colon | SBI# 522575D |
| 12. | Charles Duffy | SBI# 225253E |

Amended contact person for this matter will be:

William J. Hempstead, Jr.
Motion For Justice, LLC
P.O. Box 540
Newark, NJ 07101-0540

Case 3:14-cv-06739-MAS-LHG Document 1 Filed 10/29/14 Page 6 of 7 PageID: 6

V

NEW JERSEY

N.J. Parole

| | Print name | S.B.I #/State# | Sign |
|---|---|---|---|
| 1 | James Webster | 493606-D/[illegible] | [signature] |
| 2 | Anthony Pearson | 117228 D/[illegible]6070 | [signature] |
| 3 | Tyreen Walker | 549332D/[illegible] | [signature] |
| 4 | Chris Rodriguez | [illegible] | [signature] |
| 5 | Robert Allen | [illegible] | [signature] |
| 6 | Omar Crosby | [illegible] | [signature] |
| 7 | Richard Ferrarie | [illegible] | [signature] |
| 8 | Keith Butler | [illegible] | [signature] |
| 9 | Amir White | 457500C/[illegible] | [signature] |
| 10 | Jose Galindez | 482635D/567066 | [signature] |
| 11 | Terrell Jackson | 917357[illegible]/545[illegible] | [signature] |
| 12 | Rashiiva Shorter | 326237C/[illegible] | [signature] |
| 13 | Girolamo Bruscanell. | 330431C/677574 | [signature] |
| 14 | Angel Figuerroa | 489410E/740971 | [signature] |
| 15 | Alejandro Pujols | 529322D/715386 | [signature] |
| 16 | Douglas Cook | 618486C/744061 | [signature] |
| 17 | Mikale Everett | 284537E/741152 | [signature] |
| 18 | Richard Foulks | 179225E/633430 | [signature] |
| 19 | Nathan Justiniano | 612278D/753472 | [signature] |
| 20 | Ronald Lonon | 510087A/575471 | [signature] |
| 21 | William Gaines | 646454D/606269 | [signature] |
| 22 | Olufemi Ayodeji | 179396D/523808 | [signature] |
| 23 | mark fongemie | 307531B/518136 | [signature] |
| 24 | Gregory Louvat | 490372E/686126 | [signature] |
| 25 | Ronald Avelin | 750192/231031-C | [signature] |
| 26 | James R Kershaw | 601466D/574072 | [signature] |
| 27 | Jeffrey N Moore | 338971D/688672 | [signature] |
| 28 | GENE BRITTON | 398549C/879779 | [signature] |
| 29 | Adrian Deer | 577530E | [signature] |
| 30 | Sukeen Lattimore | 626108 | [signature] |
| 31 | Courtney Bunch | 542918/641697-C | Courtney Bunch |
| 32 | GERON Smith | 402588C-523801 | [signature] |
| 33 | Anthony Thomas | 548204-844296C | [signature] |
| 34 | Jermaine Johnson | 561690C-517179 | [signature] |
| 35 | Kevin Singleton | 720881C-530128 | [signature] |
| 36 | Ron Tarakji | 153987D/[illegible] | [signature] |
| 37 | [illegible] | [illegible]/629766 | [signature] |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

## Pro se (Non Prisoner)
## Consent & Registration Form to Receive Documents Electronically

Pursuant to Fed. R. Civ. P. 5(b), and Fed. R. Civ. P. 77(d), Local Civil Rule 5.2 and the Court's Electronic Case Filing Policies and Procedures, documents may be served through the court's transmission facilities by electronic means. Documents that are not permitted to be served electronically are pleadings that are to be served with process under Fed.R.Civ.P. 4.

I William J. Hempstead, Jr. hereby consent to receive service of documents and notice of electronic filings via the Court's electronic filing system to the extent and in the manner authorized by the above rules and waiving the right to receive notice by first class mail pursuant to Fed.R.Civ.P. 5(b)(2)(D) and Fed.R.Civ.P. 77(d).

Pursuant to Local Civil Rule 10.1, I will promptly notify the Court if there is a change in my personal data, such as name, address, and/or e-mail address. I will promptly notify the Court to request cancellation of electronic service.

Litigants who have consented to receive documents electronically will be sent a **Notice of Electronic Filing** via e-mail. Upon receipt of the notice, they are permitted **one "free look"** at the document by clicking on the hyperlinked document number. The one "free look" will expire 15 days from the date the notice was sent. After the "free look" is used or expires, the document can only be accessed through PACER (**P**ublic **A**ccess to **C**ourt **E**lectronic **R**ecords.) It is recommended that litigants establish a PACER account. This can be accomplished by visiting the PACER web site at http://pacer.psc.uscourts.gov. PACER is an automated system that allows an individual to view, print, and download documents for a fee.

My e-mail address is: whempstead@outlook.com

My case number is: 3:14-cv-06739-MAS-LHG

William J. Hempstead, Jr.
Signature of Litigant

P.O. Box 540
Mailing Address

Newark NJ 07101-0540
City, State, Zip Code

(973) 687-6263
Telephone Number

Date: April 7th 2015

April 7th, 2015

RECEIVED
APR - 7 2015
AT 8:30 3:10 PM.
WILLIAM T. WALSH, CLERK

William J. Hempstead, Jr., Pro-Se
Motion For Justice, LLC
P.O. Box 540
Newark, NJ 07101-0540

United States District Court Clerk
50 Walnut Street, 4th Floor
Newark, NJ 07102

RE: Webster et al v. New Jersey State Parole
Case# 3:14-cv-06739-MAS-LHG

Dear United States District Court Clerk:

Attached is an amended complaint for the above reference matter to be filed with the court. Also we are requesting the following defendants be served summons in this matter via United States Marshall Service:

1. Governor Chris Christie
Office of the Governor
125 W. State St
Trenton, NJ 08625
(609) 292-6000

2. John Jay Hoffman, Esquire
Office of the Attorney General
Hughes Justice Complex
25 West Market St
Trenton, NJ 08625
(609) 292-3794

3. James T. Plousis
New Jersey State Parole Board Chairman
171 Jersey St., Building 2
Trenton, NJ 08111
(609) 292-0845

4. Craig Schindewolf, Esquire
New Jersey State Parole Board
Chief Revocation Officer
171 Jersey St., Building 2
Trenton, NJ 08111
(609) 633-6408

Respectfully,

William J. Hempstead, Jr.

William J. Hempstead, Jr., Pro-Se