***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES WEBSTER, et al., | : | |
| | : | Civil Action Nos. 14-6739 (MAS) (LHG) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| N.J. PAROLE, et al., | : | |
| | : | |
| Defendants. | : | |

Plaintiffs are proceeding with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, seeking both injunctive relief and monetary damages. Because at least one plaintiff is a prisoner currently incarcerated at a state or county jail, and the Amended Complaint seeks redress from a governmental entity or officer, the Court must review the complaint pursuant to 28 U.S.C. § 1915A(a) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, it appearing:

1. According to the allegations in the Amended Complaint, Plaintiffs are individuals who have been sentenced to Parole Supervision for Life ("PSL") under New Jersey law. PSL places certain restrictive conditions on individuals who have been sentenced to such supervision, and "imposition of th[e]se types of conditions significantly restricts the manner in which an individual may pursue his daily life." *State v. Schubert*, 212 N.J. 295, 306 (2012). Just like a convict who has been sentenced to a definite term of probation, violations of PSL can result in imposition of additional special conditions or additional terms of incarceration. *See J.I. v. N.J. State Parole Bd.*, 441 N.J. Super. 564, 571 (App. Div. 2015).

2. In the instant matter, Plaintiffs assert that PSL is unconstitutional, and the imposition of special conditions and additional terms of incarceration under PSL amounts to a Double Jeopardy violation. (Am. Compl. 2-3, ECF No. 12.) Furthermore, Plaintiffs assert that the procedures promulgated by New Jersey to adjudicate PSL violations infringe their rights to due process. *Id.* at 3. Finally, Plaintiffs allege that the monitoring activities required by PSL and carried out by their probation officers amount to violations of their Fourth Amendment rights to be free of illegal search and seizure. *Id.* at 6. Plaintiffs seek an order to invalidate their PSL sentences, $50 million in punitive damages, and a federal investigation into the New Jersey Parole Board. (*Id.* at 6-7.)

3. However, in order to grant any of the relief Plaintiffs are seeking, the Court must necessarily find that the imposition of PSL upon Plaintiffs was unconstitutional, which would necessarily invalidate a part of Plaintiffs' sentences, *see Schubert*, 212 N.J. at 307 (finding that PSL is a special sentence imposed for certain crimes), and any and all incarcerations, past or present, imposed upon them for PSL violations. In *Heck v. Humphrey*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994). In *Wilkinson v. Dotson*, the Supreme Court further clarified its *Heck* holding, finding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action

would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81-82 (2005).

4. Because Plaintiffs seek to invalidate a part of their sentences through their § 1983 action, and seek damages that flow from those sentences, the Court is without jurisdiction to adjudicate Plaintiffs' claims. In order to bring forth such challenges, Plaintiffs must first seek to invalidate their PSL sentences, either through a state court proceeding (for example, by making a challenge at one of their parole revocation hearings, or by seeking post-conviction relief), or through a federal habeas petition. Absent such an invalidation, Plaintiffs are barred from raising any § 1983 claims concerning the constitutionality of the PSL statute. Accordingly, the Amended Complaint must be dismissed without prejudice. *See United States v. Miller*, 197 F.3d 644, 652 n.7 (3d Cir. 1999) ("When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice.").[1]

                                                    /s/ Michael A. Shipp
                                                    Michael A. Shipp
                                                    United States District Judge

Date: 9/14/16

---

[1] Because the Court is dismissing the case, the pending motion to intervene by William J. Hempstead, Jr., ECF No. 25, is dismissed as moot.